SARAH BLAKE & others *vs.* SILAS SANBORN.

A writ of entry to foreclose a mortgage made to secure a note to two jointly may be prosecuted, after the death of one of the two, by the survivor.

DEWEY, J. This action brought to foreclose a mortgage given to four persons to secure a note payable to them was, as is conceded, properly brought, being in the names of the four mortgagees. But pending the action, one of the mortgagees has died, and the question is whether the suit can be prosecuted by the three survivors. The defendant contends that the action cannot be maintained in the name of the three, because the mortgagees did not hold their estate as joint tenants, but as tenants in common.

In the opinion of the court, for all the purposes of the present question, the parties are to be considered as clothed with the like privileges as joint tenants. The Rev. Sts. *c.* 59, § 11, in which is found the provision declaring all conveyances of real estate, where the contrary is not clearly expressed, to be tenancies in common, expressly except mortgages. This is perhaps sufficient to settle the present case.

The further provision in the Rev. Sts. *c.* 93, §§ 12–14, as to the survivorship of actions, providing that in all personal actions the surviving plaintiff may prosecute the action, and in all real actions the heir at law may come in and prosecute the same in connection with the survivor, does not precisely meet the present case — the action not being a personal action, nor a real action where the estate is of that character in which the right vests in the heir at law, but in the administrator whose sole duty it is to foreclose the mortgaged estates held by his intestate.

But in the opinion of the court it is in accordance with the general principles applicable to mortgages to two or more persons to secure a joint debt, that in case of the death of one of the mortgagees, the action may be maintained by the survivors in their names, and it is not necessary that the administrator of the deceased mortgagee become a party to the suit.

The case of *Burnett* v. *Pratt*, 22 Pick. 556, was not like the present. It was the case of a mortgage given to four persons, to secure four distinct notes, one of which was due and payable to each of the mortgagees as their sole property. Three of the mortgagees had died, and the action to foreclose the mortgage was brought by the survivor; but it appearing that the note payable to him, secured by the mortgage, had been paid, and that he had no interest in the foreclosure, it was held, that the action could not be maintained in his name, when the conditional judgment would be solely to enforce payment of a note payable to a deceased mortgagee. In the case at bar, the note is one held by the mortgagees jointly, each owning one undivided fourth part of it. The surviving mortgagees have an interest in the same, and are seeking to enforce the payment thereof. We think the action may be maintained in their names. If the conditional judgment is discharged by payment, they will of course be answerable over to the administrator of the deceased mortgagee for one fourth of the note; if the mortgage is foreclosed, they will hold the land in trust for all concerned in the mortgage.                    *Judgment for the plaintiffs.*

*J. A. Loring*, for the plaintiffs.

*G. E. Betton*, for the defendant.